UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN WILLIE PARTEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 3:09-cv-409 |
| ) | (VARLAN/SHIRLEY) |
| JAMES FORTNER, Warden, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which petitioner challenges his 1983 conviction for assault with intent to commit first degree murder. For the following reasons, the petition will be **DISMISSED** as time-barred.

Petitioner's conviction was affirmed on direct appeal. *State v. Walker*, No. 950 (Tenn. Crim. App. June 1, 1984), *perm. app. denied, id.* (Tenn. Aug. 27, 1984). His first and second state post-conviction petitions, filed July 25, 1990, and August 20, 1990, respectively, were dismissed as time-barred and the Tennessee Court of Criminal Appeals affirmed. *Partee v. State*, No. 03C01-9107-CR-00198, 1992 WL 52700 (Tenn. Crim. App. March 18, 1992).

Over the ensuing years, petitioner filed other challenges to his conviction and sentence, all of which were denied. *Partee v. Morgan*, No. 01C01-9812-CC-00499, 1999 WL 350894 (Tenn. Crim. App. May 4, 1999), *perm. app. denied, id.* (Tenn. Oct. 4, 1999) (affirming judgment of trial court); *Partee v. State*, No. 03C01-9805-CR-00191, 1999 WL592234 (Tenn. Crim. App. Aug. 9, 1999 (affirming dismissal of "Petition for

Malpractice" and denial of post-conviction petition as time-barred); *Partee v. Fortner*, No. M2007-01724-CCA-R3-HC, 2008 WL 1805757 (Tenn. Crim. App. April 22, 2008) (affirming summary denial of petition for writ of habeas corpus); *Partee v. State*, No. M2008-01773-CCA-R3-HC, 2008 WL 4949246 (Tenn. Crim. App. Nov. 20, 2008), *perm. app. denied, id.* (Tenn. May 11, 2009) (affirming denial of petition for writ of habeas corpus).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. As a result of the AEDPA, however, state prisoners now have one year in which to file a §2254 petition.

Section 101 of the AEDPA amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date the petitioner's appeals were final. *Id*. § 2244(d)(2). Because petitioner's sentence was imposed prior to the AEDPA, the time for filing a § 2254 motion in his case expired April 24, 1997, which was one year from the effective date of the AEDPA. *Carey v. Saffold*, 536 U.S. 214, 217 (2002).

Petitioner's habeas corpus petition was filed on June 29, 2009. He argues that the petition should not be barred by the one-year statute of limitation for the following reasons:

> This judgment has been under constant legal attack by me, and I have not had the assistant of counsel or properly trained legal aides to help me correctly poster it for the Federal Courts. I have attaempted to to have the Tennessee

2

> Courts correct their errors and give them the chance to do so. In addition the Tennessee Supreme Court has just issued its ruling in my correctly filed petition for writ of habeas corpus, and finally allowed me to exhaust my state remidies. These petitions for haebas corpus have been properly framed by the help of another inmate who is not at Turney center with me, and it has taken time to obtain this help.

[Doc. 1, Petition for Writ of Habeas Corpus, p. 14 (grammatical and spelling errors in original)].

The Sixth Circuit has found that the AEDPA's one year limitation period is subject to equitable tolling because it is a statute of limitation, not a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). When determining whether equitable tolling is appropriate, the court must consider the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. at 1008. However, "[t]hese factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). In addition, the Sixth Circuit has emphasized that "absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003).

Petitioner does not claim that he was unaware of the one-year statute of limitation and the Court finds that equitable tolling is not appropriate in this case. The fact that the

Tennessee Court of Criminal Appeals only recently affirmed the denial of petitioner's latest habeas corpus petition does not benefit petitioner with regard to the statute of limitation. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

Petitioner's petition for the writ of habeas corpus is barred by the one-year statute of limitation and petitioner is not entitled to equitable tolling. Accordingly, the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE